# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHAD A. CARRIGAN, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. CIV-13-842-D |
| MACEAL GOREE, *et al.*, | ) ) ) |
| Defendants. | ) |

## O R D E R

Plaintiff, a prisoner appearing *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. Plaintiff also brings claims pursuant to state law.

This matter is before the Court for review of the Report and Recommendation [Doc. No. 56] issued December 10, 2014, by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). The Magistrate Judge specifically advised the parties of their right to object to the findings and recommendations set forth in the Report and Recommendation. He further advised the parties that failure to timely object would constitute a waiver of their right to appellate review of the factual and legal matters in the Report and Recommendation. The parties' deadline for filing objections was December 29, 2014.

To date, the parties have not filed an objection to the Report and Recommendation or sought an extension of time in which to do so. Therefore, the Court finds that the parties have waived further review of the issues addressed in the Report.[1]

---

[1] It appears that Plaintiff's lack of objection may be due to a lack of notice. On December
(continued...)

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 56] is ADOPTED in its entirety as follows:

1) Defendant Trudy Hoffman's Motion to Dismiss [Doc. No. 46] is GRANTED and Plaintiff's claims against Defendant Hoffman are DISMISSED without prejudice to refiling based on her lack of personal participation in the alleged constitutional violations.

2) Defendant Michelle Goree's Motion to Dismiss [Doc. No. 47] is GRANTED in part. Plaintiff's state law claims against Defendant Michelle Goree for assault and battery and the constitutional claim of retaliation based on her actions in July 2011 are DISMISSED with prejudice as barred by the applicable statute of limitations. The Motion to Dismiss is DENIED as to Plaintiff's claim that Defendant Goree conspired with her husband to retaliate against Plaintiff, as evidenced by her conduct on August 10, 2011.

3) The Motion to Dismiss of Defendant Charles Goree [Doc. No. 49] is DENIED as to the claims of conspiracy with his wife to retaliate against Plaintiff based on events transpiring on August 10, 2011.

4) The Motion to Dismiss of Defendants Monday, Jones and Burke [Doc. No. 49] is GRANTED and Plaintiff's claims against Defendants Monday, Jones and Burke are DISMISSED with prejudice as barred by the applicable statute of limitations.

---

[1](...continued)
10, 2014, a copy of the Report mailed to Plaintiff at his address of record was returned as undeliverable. Nonetheless, the Court finds that any failure to receive a copy of the Report does not provide a basis for an exception to the court of appeals' "firm waiver rule" because Plaintiff was responsible for giving notice of any change of address. *See Theede v. United States Dep't of Labor*, 172 F.3d 1262, 1267-68 (10th Cir. 1999) (*pro se* plaintiff who failed to provide any change of address or address correction waived right to review by failing to make a timely objection); *see also* LCvR5.4(a) (requiring written notice of a change of address and further providing that papers sent by the Court are "deemed delivered if sent to the last known address given to the Court").

This matter remains pending before Judge Erwin pursuant to the initial referral [Doc. No. 4].

IT IS SO ORDERED this 20th day of January, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE