# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHAD A. CARRIGAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-13-842-D |
| MACHEAL GOREE, LT. GOREE, *et al.*, | ) |
| Defendants.[1] | ) |

## O R D E R

Plaintiff Chad A. Carrigan, a state prisoner appearing *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to United States Magistrate Judge Shon T. Erwin for initial proceedings. In a Report and Recommendation [Doc. No. 69] issued on June 5, 2015, the Magistrate Judge recommended granting the Motions to Dismiss [Doc. Nos. 66 and 67] of Defendants Michelle Goree and Charles Goree and dismissing Plaintiff's claims for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).

The Magistrate Judge specifically advised the parties of their right to object to the findings and recommendations set forth in the Report and Recommendation. He further advised the parties that failure to timely object would constitute a waiver of their right to appellate review of the factual and legal matters in the Report and Recommendation. The parties' deadline for filing objections was June 23, 2015.

---

[1] The record reflects that Defendants' names are correctly spelled Michelle Goree and Charles Goree.

To date, the parties have not filed an objection to the Report and Recommendation or sought an extension of time in which to do so.[2] Moreover, the Court has reviewed the Report and Recommendation and agrees with the analysis set forth therein.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 69] is ADOPTED and Plaintiff's action is dismissed without prejudice to refiling.[3] A separate judgment of dismissal will be entered herewith.

IT IS SO ORDERED this 26th day of June, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] It appears that Plaintiff's lack of objection may be due to a lack of notice. On June 19, 2015, a copy of the Report mailed to Plaintiff at his address of record was returned as undeliverable. Nonetheless, the Court finds that any failure to receive a copy of the Report does not provide a basis for an exception to the court of appeals' "firm waiver rule" because Plaintiff was responsible for giving notice of any change of address. *See Theede v. United States Dep't of Labor*, 172 F.3d 1262, 1267-68 (10th Cir. 1999) (*pro se* plaintiff who failed to provide any change of address or address correction waived right to review by failing to make a timely objection); *see also* LCvR5.4(a) (requiring written notice of a change of address and further providing that papers sent by the Court are "deemed delivered if sent to the last known address given to the Court").

[3] Although not addressed by the Magistrate Judge, the Court finds the dismissal should be without prejudice. *Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1139 (10th Cir. 2005) ("[A] dismissal based on lack of exhaustion should ordinarily be without prejudice.") (citation omitted); *see also Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009) (same).